**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **JOSHUA FLETCHER and ERIN FLETCHER,** | |
| **Plaintiffs,** | **Case No. 2:25-CV-2211-JAR** |
| **v.** | |
| **THE STANDARD FIRE INSURANCE COMPANY,** | |
| **Defendant.** | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiffs Joshua and Erin Fletcher's Motion for a Sur-response or to Strike (Doc. 53). The motion is fully briefed, and the Court is prepared to rule. As described below, Plaintiffs' motion is granted in part and denied in part.

This is an insurance dispute about uninsured motorist coverage stemming from an auto accident on March 2, 2023, that resulted in the death of Plaintiffs' son. In dispute is whether Mr. Fletcher or a Phantom Motorist traveling behind him was at fault. On January 9, 2026, Defendant Standard Fire Insurance Company filed a motion for summary judgment,[1] setting forth 40 numbered statements of uncontroverted fact in its memorandum in support.[2] Plaintiffs' opposition set forth 29 additional statements of fact.[3] In the reply, Defendant provided two additional statements of fact, numbered 71 and 72, that relied on evidence submitted with Plaintiffs' opposition. Because these were included in the reply brief, Plaintiffs ask the Court to strike them or allow them leave to file a "surresponse."

---

[1] Doc. 47.

[2] Doc. 48.

[3] Doc. 49.

"Under D. Kan. Rule 7.1(c), briefing on motions is limited to the motion (with memorandum in support), a response, and a reply.  Surreplies typically are not allowed."[4] Surreplies require leave of court and are only granted under "rare circumstances."[5]  Nonetheless, the nonmoving party on summary judgment "should be given an opportunity to respond to new material raised for the first time in the movant's reply."[6]  Alternatively, the Court can disregard new material raised in the reply when reaching its decision.[7]  New "material" includes both evidence and legal arguments.[8]  However, "[a] reply which merely responds to matters placed in issue by the response, and 'does not spring upon the opposing party new reasons for the entry of summary judgment' is entirely proper."[9]  "[A] reply 'may properly highlight the deficiencies' in a response 'without opening the door to additional pleadings.'"[10]  The "reply serves its purpose when it responds 'to matters placed in issue by the response,' rather than providing new legal arguments."[11]

Here, although Defendant's reply separately numbered two additional facts, they were not based on new evidence or legal argument.  They were facts responsive to Plaintiffs' additional statements of fact and relied on evidence submitted by Plaintiffs with the response; no new evidence was submitted with the reply.  Plaintiffs identify no new legal argument in the

---

[4] *COPE v. Kan. State Bd. of Educ.*, 71 F. Supp. 3d 1233, 1238 (D. Kan. 2014).

[5] *Id.* (quoting *Humphries v. Williams Nat. Gas Co.*, No. 96–4196–SAC, 1998 WL 982903, at *1 (D. Kan. Sept. 23, 1998)).

[6] *Green v. New Mexico*, 420 F.3d 1189, 1196 (10th Cir. 2005).

[7] *Id.*

[8] *Id.*

[9] *Vonlintel v. Eagle Commc'ns, Inc.*, No. 14-4125-KHV, 2015 WL 5093271, at *1 (D. Kan. Aug. 28, 2015) (quoting *Stevens v. Water Dist. One*, 561 F. Supp. 2d 1224, 1232 (D. Kan. 2008)).

[10] *James v. Boyd Gaming Corp.*, 522 F. Supp. 3d 892, 904 (D. Kan. 2021) (quoting *Carter v. Spirit Aero Sys., Inc.*, No. 16-1350-EFM, 2019 WL 3732684, at *12 (D. Kan. Aug. 8, 2019)).

[11] *Id.* at 905 (alteration omitted) (quoting *Carter*, 2019 WL 3732684, at *12).

discussion that turned on these newly stated facts.  Thus, the Court denies Plaintiffs' motion to strike.

Although Plaintiffs fail to attach to their motion for leave a proposed sur-reply for the Court's review, as required by D. Kan. R. 15.1(a), out of an abundance of caution, the Court will permit Plaintiffs to file a sur-reply for the sole purpose of responding to statements of fact 71 and 72 from the reply.  Plaintiffs may file their sur-reply no later than March 18, 2026, and it shall not exceed two pages in length.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiffs Joshua and Erin Fletcher's Motion for a Sur-response or to Strike (Doc. 53) is **granted in part and denied in part**.  Plaintiffs' motion to strike is denied; their motion for leave to file a sur-reply is granted. Any sur-reply shall be filed by March 18, 2026, and shall not exceed two pages in length.

**IT IS SO ORDERED.**

Dated: March 13, 2026

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE